IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES BERNARD JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV838 |
| v. | ) | 1:06CR451-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner James Bernard Jones, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #45]. On May 18, 2007, Petitioner was convicted of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One) and one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). He was then sentenced to 150 months of imprisonment on the drug charge (later reduced to 128 months and then 120 months by the granting of motions under 18 U.S.C. § 3582(c)(2)) and a concurrent 120 months of imprisonment on the firearm charge. Petitioner later filed the present Motion [Doc. #45].

Petitioner raised a single claim for relief in his Motion, contending that his sentence under 21 U.S.C. §841(b)(1)(B) was invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 was based on a state conviction that was not punishable by more than one year. The Government initially filed

a Motion to Dismiss [Doc. #57] opposing the § 2255 Motion on the grounds that it was barred by the applicable statute of limitations, that Petitioner's sentence and Guidelines sentencing range were both well above the 120-month statutory mandatory minimum created by the Information, and that Petitioner's plea agreement contained a waiver of his right to bring such claims.  The Government also noted that Petitioner's conviction under § 922 would no longer be valid under Simmons because Petitioner did not face more than a year of imprisonment for the predicate offenses listed in Count Three of the Indictment.  However, because Petitioner's concurrent sentence on that conviction was shorter than the longer sentence he received on his § 841 conviction, the Government also opposed any relief regarding the § 922 conviction.

Petitioner responded by then asking that his conviction under § 922 be vacated and that he be resentenced as to his § 841 conviction.  Following the lowering of Petitioner's sentence on the § 841 conviction to 120 months pursuant to a separate motion filed under 18 U.S.C. § 3582(c)(2), as well as an Order to rebrief the case in light of this and other developments, the Government then filed a Supplemental Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony conviction in light of Simmons.  In this regard, the Government conceded that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that prior conviction.  Further, the Government conceded that the prior North Carolina convictions alleged in the Indictment as supporting the § 922(g) charge would not qualify as predicate felony convictions under § 922 in light of Simmons.  It asked that the

Court vacate Petitioner's conviction as to Count Three and resentence him as to Count One. Finally, it noted that its prior Motion to Dismiss was withdrawn.

In taking these positions, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's § 922(g) conviction should be vacated and that he should be resentenced on Count One.[2] The Court has reviewed the state court judgments reflecting Petitioner's prior convictions, and the Court notes that Petitioner's prior conviction set out in the Information was a Class I felony with a prior record level of II. The offenses listed in the Indictment as predicate offenses for Count Three are all Class H or I offenses with a prior record level of II. The maximum sentence he faced for all of these offenses under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Thus, Petitioner is entitled to relief on his claim that his conviction on Count Three is invalid, and the

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who do not have a requisite prior felony conviction in light of Simmons. Cf. Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

parties agree that he should be resentenced as to his remaining conviction under Count One. Based on the parties' latest positions, Respondent's Motion to Dismiss should be deemed withdrawn, Petitioner's § 2255 Motion should be granted, his conviction under Count Three should be vacated, and the matter should be set for resentencing as to Count One.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #57] be deemed withdrawn, that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #45] be granted as to his claims under Simmons, that the Judgment [Doc. #21] be vacated, that Count Three of the Indictment be dismissed, and that this matter be set for resentencing as to Count One of the Indictment.

This, the 12th day of March, 2014.

                                                          /s/ Joi Elizabeth Peake
                                                       United States Magistrate Judge